1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF NEVADA**

10

11   MICHAEL AND LENORA FITZSIMONDS,  )      3:13-cv-00146-HDM-WGC
                                      )
12                  Plaintiffs,       )
                                      )      ORDER
13   vs.                              )
                                      )
14   ROCKY MOUNTAIN HOSPITAL AND      )
     MEDICAL SERVICES,INC., dba ANTHEM )
15   BLUE CROSS BLUE SHIELD, ANTHEM UM )
     SERVICES, INC., et al., a Nevada )
16   corporation                      )

17                  Defendant.
     _____

18
         Before this court is the defendant's partial motion to dismiss
19
     (#10). Plaintiffs have opposed the motion (#17) and defendant's
20
     have replied (#19).
21
         The defendant moves to dismiss the plaintiffs' second and
22
     third causes of action. Additionally, the defendant requests that
23
     the court strike the plaintiffs' prayer for punitive damages.
24
         In considering a motion to dismiss for failure to state a
25
     claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true
26
     all material allegations in the complaint as well as all reasonable
27
     inferences that may be drawn from such allegations.  *LSO, Ltd. v.*
28

                                   1

1  *Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000).  The allegations of the

2  complaint also must be construed in the light most favorable to the

3  nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th

4  Cir. 2000).

5      "Under the notice pleading standard of the Federal Rules,

6  plaintiffs are only required to give a 'short and plain statement'

7  of their claims in the complaint."  *Paulsen v. CNF Inc.*, 559 F.3d

8  1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore &*

9  *Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)).

10  While this rule "does not require 'detailed factual allegations,' .

11  . . it demands more than an unadorned, the-defendant-unlawfully-

12  harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

13  (May 18, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

14  544, 555 (2007)).  Thus, a complaint "must contain sufficient

15  factual matter . . . to state a claim to relief that is plausible

16  on its face."  *Id.*

17      The court first assesses the defendant's motion to dismiss the

18  plaintiffs' second cause of action for tortious breach of the

19  implied covenant of good faith and fair dealing. In Nevada, "the

20  tort remedy is necessarily a narrow one found, for example, in

21  insurance cases. . ." *Hilton Hotels Corp. V. Butch Lewis*

22  *Productions, Inc.*, 107 Nev. 226, 233 n. 4 (1991). In order to

23  properly bring a claim for the tortious breach of the implied

24  covenant of good faith and fair dealing, there must be a "special

25  element of reliance or fiduciary duty" between the plaintiff and

26  the defendant. *Id.*

27      This case is a dispute over the execution of the terms of the

28  settlement agreement. Though the action that gave rise to the

2

1  settlement agreement was an insurance dispute, the issues in that

2  case were resolved by the settlement agreement. There is no

3  fiduciary duty involved in this action; therefore, the court

4  concludes that the plaintiffs' have failed to state a viable claim

5  for tortious breach of the implied covenant of good faith and fair

6  dealing.

7      The defendant also moves to dismiss the plaintiff's third

8  cause of action for conversion. In order to bring a claim for

9  conversion, the plaintiffs must allege that the defendant

10 "wrongfully exerted" dominion "over [the plaintiffs'] personal

11 property in denial of, or inconsistent with his title or rights."

12 *Wantz v. Redfield*, 74 Nev. 196, 198 (1958).

13     In this case, the plaintiffs' personal property is not at

14 issue. The claim involves the defendant's alleged failure to pay a

15 third party in accordance with the terms of the settlement

16 agreement. There is no assertion that the defendant "wrongfully

17 exerted dominion" over the plaintiffs' personal property.

18 Therefore, plaintiffs have failed to state an actionable claim for

19 conversion.

20     Finally, the defendant has moved to strike the plaintiffs'

21 prayer for punitive damages. In a breach of contract case damages

22 are limited to the damages arising out of the breach of the

23 contract. *See A.C. Shaw Constr. v. Washoe* Country, 105 Nev. 913

24 (1989)(holding that appellants were entitled to contract damages

25 arising from breach of contract irrespective of the existence of a

26 special relationship between the parties). Punitive damages are not

27 available in a breach of contract case unless there is also a

28 viable tort claim. *See Sprouse v. Wentz*, 105 Nev. 597, 604

(1989)(holding that punitive damages may only be awarded in a breach of contract case if there is an underlying cause of action sounding in tort). By this order, the court has dismissed the tort claim in this case. The remaining claim is one for breach of contract. Therefore, the plaintiff is not entitled to recover punitive damages.

Accordingly, the defendant's motion to dismiss the plaintiffs' second and third cause of action with prejudice, as well as their request to strike the plaintiffs' prayer for punitive damages is **GRANTED.**

**IT IS SO ORDERED**.

DATED: This 16th day of May, 2013

UNITED STATES DISTRICT JUDGE

4