UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL AND LENORA FITZSIMONDS,  )   3:13-cv-00146-HDM-WGC
                                 )
            Plaintiffs,          )
                                 )   ORDER
vs.                              )
                                 )
ROCKY MOUNTAIN HOSPITAL AND      )
MEDICAL SERVICES,INC., dba ANTHEM)
BLUE CROSS BLUE SHIELD, ANTHEM UM)
SERVICES, INC., et al., a Nevada )
corporation                      )
                                 )
            Defendant.           )
_____

    Before this court is the defendant's partial motion to dismiss (#10). Plaintiffs have opposed the motion (#17) and defendant's have replied (#19).

    The defendant moves to dismiss the plaintiffs' second and third causes of action. Additionally, the defendant requests that the court strike the plaintiffs' prayer for punitive damages.

    In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v.*

1

*Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.*

The court first assesses the defendant's motion to dismiss the plaintiffs' second cause of action for tortious breach of the implied covenant of good faith and fair dealing. In Nevada, "the tort remedy is necessarily a narrow one found, for example, in insurance cases. . ." *Hilton Hotels Corp. V. Butch Lewis Productions, Inc.*, 107 Nev. 226, 233 n. 4 (1991). In order to properly bring a claim for the tortious breach of the implied covenant of good faith and fair dealing, there must be a "special element of reliance or fiduciary duty" between the plaintiff and the defendant. *Id.*

This case is a dispute over the execution of the terms of the settlement agreement. Though the action that gave rise to the

settlement agreement was an insurance dispute, the issues in that case were resolved by the settlement agreement. There is no fiduciary duty involved in this action; therefore, the court concludes that the plaintiffs' have failed to state a viable claim for tortious breach of the implied covenant of good faith and fair dealing.

The defendant also moves to dismiss the plaintiff's third cause of action for conversion. In order to bring a claim for conversion, the plaintiffs must allege that the defendant "wrongfully exerted" dominion "over [the plaintiffs'] personal property in denial of, or inconsistent with his title or rights." *Wantz v. Redfield*, 74 Nev. 196, 198 (1958).

In this case, the plaintiffs' personal property is not at issue. The claim involves the defendant's alleged failure to pay a third party in accordance with the terms of the settlement agreement. There is no assertion that the defendant "wrongfully exerted dominion" over the plaintiffs' personal property. Therefore, plaintiffs have failed to state an actionable claim for conversion.

Finally, the defendant has moved to strike the plaintiffs' prayer for punitive damages. In a breach of contract case damages are limited to the damages arising out of the breach of the contract. *See A.C. Shaw Constr. v. Washoe* Country, 105 Nev. 913 (1989)(holding that appellants were entitled to contract damages arising from breach of contract irrespective of the existence of a special relationship between the parties). Punitive damages are not available in a breach of contract case unless there is also a viable tort claim. *See Sprouse v. Wentz*, 105 Nev. 597, 604

3

(1989)(holding that punitive damages may only be awarded in a breach of contract case if there is an underlying cause of action sounding in tort). By this order, the court has dismissed the tort claim in this case. The remaining claim is one for breach of contract. Therefore, the plaintiff is not entitled to recover punitive damages.

Accordingly, the defendant's motion to dismiss the plaintiffs' second and third cause of action with prejudice, as well as their request to strike the plaintiffs' prayer for punitive damages is **GRANTED.**

**IT IS SO ORDERED.**

DATED: This 16th day of May, 2013

*/s/ Howard D. McKibben*

UNITED STATES DISTRICT JUDGE